IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN CHARLES SCHWAGER,<br>    *Plaintiff,* | :<br>:<br>: | |
| v. | : | CIVIL ACTION NO. 24-CV-2570 |
| MATTHEW BEILEY, *et al.*,<br>    *Defendants.* | :<br>:<br>: | |

## MEMORANDUM

**Pappert, J.**                                                                             June 28, 2024

Brian Charles Schwager, a *pro se* litigant confined at Norristown State Hospital ("NSH")[1] filed a complaint and moves to proceed *in forma pauperis*. For the following reasons, the Court will dismiss any federal question claims in the Complaint with prejudice and any state law claims without prejudice for lack of subject matter jurisdiction.

I[2]

Schwager is a frequent litigant in this court. *See Schwager v. Norristown State Hospital*, Civil Action No. 23-3866; *Schwager v. Norristown State Hospital*, Civil Action No. 23-3978; *Schwager v. Michael A.*, Civil Action No. 23-4144; *Schwager v. Jessica*

---

[1] The caption of the Complaint names "Brian Charles Schwager" as the Plaintiff and indicates that this is his birth name. (*See* ECF No. 2.) The caption also includes "Adam Charles Schwager" as the Plaintiff and indicates that this is his "informant name." (*See id.*) The publicly available state court docket system lists a currently pending criminal case in the Court of Common Pleas of Montgomery County for defendant Adam Schwager. *See Commonwealth v. Schwager*, CP-46-CR-0004869-2023 (C.P. Montgomery). The publicly available docket reflects that Adam Schwager is currently confined at NSH. Thus, it appears from the filings and state court docket that Brian Charles Schwager and Adam Schwager are the same individual, who is in state custody, and who is currently confined at NSH.

[2] The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

*Keith G. Chesney*, Civil Action No. 23-4573; *In re: Brian Charles Schwager*, Civil Action No. 23-4693, *In re: Brian Charles Schwager*, Civil Action No. 24-0012; *In re: Brian Charles Schwager*, Civil Action No. 24-1134.  In this case, Schwager filed an application to proceed *in forma pauperis*, although he failed to submit a certified copy of his prisoner account statement (or institutional equivalent) showing all deposits, withdrawals, and a current balance, from any correctional facility in which he was confined for the six-month period from December 20, 2023 to June 20, 2024, reflecting account activity from that time period, as required by 28 U.S.C. § 1915(a)(2).

II

The Court would historically have been precluded from addressing Schwager's pleading unless and until he either paid the filing fees or was granted leave to proceed *in forma pauperis*.  *See Urrutia v. Harrisburg Cty. Police Dep't*, 91 F.3d 451, 458 & n.13 (3d Cir. 1996) (explaining that an action commences when a plaintiff pays the fees or following a determination that the litigant is entitled to *in forma pauperis*); *see also Francis v. State of N.J. Office of Law Guardian*, 289 F. App'x 472, 474 (3d Cir. 2008) (*per curiam*) (explaining that district court erred in addressing complaint before IFP was granted, because the "complaint was not yet subject to dismissal").  However, in *Brown v. Sage*, the United States Court of Appeals for the Third Circuit announced a "flexible approach" that permits the screening of cases filed by prisoners even if the prisoner has neither paid the fees nor been granted *in forma pauperis* status.  941 F.3d 655, 660 (3d Cir. 2019) (*en banc*) ("[W]e hold that a court has the authority to dismiss a case 'at any time,' 28 U.S.C. § 1915(e)(2), regardless of the status of a filing fee; that is, a court has the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously.").  This approach "permits courts to

2

move early to screen complaints in order to conserve judicial resources." *Id.* Here, it would be more efficient to screen Schwager's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) prior to addressing his Motion to Proceed *In Forma Pauperis*.

Section 1915(e)(2)(B) requires the Court to screen the Complaint and dismiss it if it is frivolous, malicious, fails to state a claim for relief, or seeks damages from an immune defendant. Furthermore, the Court must dismiss the Complaint if it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence."). "Jurisdictional [issues] . . . may be raised at any time and courts have a duty to consider them *sua sponte*." *Wilkins v. United States*, 598 U.S. 152, 157 (2023) (internal quotations omitted). As Schwager is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

### III

Schwager's Complaint names as Defendants Matthew Beiley, an inmate at Montgomery County Correctional Facility ("MCCF"), and Amer William Whitfear, another NSH patient. (*See* Compl. at 1-2.) Schwager also indicates, however, that "both names are the same person" with arrows pointing to Beiley and Whitfear's names and Pennsylvania addresses. (*See id.* at 2.)

Schwager checked the box on the form complaint that he utilized to submit his claims indicating that he seeks to bring a claim pursuant to 42 U.S.C. § 1983.  (*See id.* at 3.)  In support, he states:  "Letting other's lie (or), linning [sic], to: getting to: all my = gold, silver, platinum (and), cash, S.S. card (and) birth certificate card."  (*Id.*)  Schwager appears to assert that Beiley was an inmate at MCCF from 2010 to 2016 and that he has been a patient at NSH from 2016 to 2024.  (*Id.* at 4.)

The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.  Section "1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotations omitted).  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  "The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law."  *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995).

Having reviewed Schwager's submission in its entirety, the Court cannot discern factual or legal bases for any federal constitutional claims.  Even under a careful reading and liberal construction of the Complaint, Schwager has not alleged how the named Defendant violated his constitutional rights.  Although Schwager checked the box on the form complaint indicating that he brings federal question claims pursuant to § 1983, the Complaint does not assert any factual basis that would support the Court's exercise of federal question jurisdiction, under any of the civil rights statutes or otherwise.  *See Rose v. Husenaj*, 708 F. App'x 57, 60 (3d Cir. 2017) (*per curiam*) ("Rose's

4

conclusory reference to 'civil rights' does not convert his tort claims against non-state actors into constitutional claims.") (footnote omitted). Accordingly, any claim based on this Court's federal question jurisdiction is dismissed with prejudice.

To the extent that Schwager seeks to bring a state law tort claim against the Defendant, he has not pled an independent basis for the Court's jurisdiction over any such claim.[3] District courts may exercise jurisdiction over cases raising claims exclusively under state law if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,'" which means that "unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co.*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010). As noted above, a plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co.*, 800 F.3d at 105 ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp.*, 547 U.S. at 342 n.3)).

---

[3] Because the Court has determined that Schwager has not presented any federal claims, the Court will not exercise supplemental jurisdiction over any state law claims.

Schwager does not plead the citizenship of any party to this suit, but provides Pennsylvania addresses for himself and the Defendants. (*See* Compl. at 2.) His use of Pennsylvania addresses for each of the parties suggest that the parties are not diverse. Since the jurisdictional requirements are not satisfied, this Court lacks the ability to hear Schwager's case.

IV

For the foregoing reasons, the Court will dismiss Schwager's Complaint. Any claim based on federal question jurisdiction will be dismissed with prejudice, and because Schwager has not pled a basis for diversity jurisdiction, his state law claims will be dismissed for lack of subject matter jurisdiction. Leave to amend will not be given, because the Court concludes that amendment would be futile under the circumstances of this case. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). Schwager may opt to refile his claims in state court where federal jurisdiction will not be an issue.[4] An appropriate Order follows, which dismisses this case.

**BY THE COURT:**

*/s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**

---

[4] The Court expresses no opinion the merits of Schwager's claims.

6